# EXHIBIT "A"

Filing # 114538765 E-Filed 10/06/2020 05:02:29 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

<div style="border-bottom: 1px solid;"></div>

###### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Jose Emilio Viteri</u>
Plaintiff                                                                      Case # _____

                                                                               Judge  _____

vs.
<u>Specialtycare USA, Inc f/k/a Specialtycare, Inc.</u>
Defendant

<div style="border-bottom: 1px solid;"></div>

###### II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

###### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☐ yes
     ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☒ no
     ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☒ yes
     ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jamie H. Zidell           Fla. Bar # 10121
       Attorney or party                    (Bar # if attorney)

Jamie H. Zidell                10/06/2020
(type or print name)          Date

**IN THE CIRCUIT COURT IN AND FOR**
**MIAMI-DADE COUNTY, FLORIDA**

CIVIL DIVISION

CASE NO.:

|  |  |
|---|---|
| JOSE EMILIO VITERI and all others similarly situated under 29 U.S.C. 216(b),<br>Plaintiff,<br>vs.<br><br>SPECIALTYCARE USA, INC. f/k/a SPECIALTYCARE, INC. ,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, JOSE EMILIO VITERI, on behalf of himself and all others similarly situated under

29 U.S.C. 216(b), through undersigned counsel, and files this Complaint against Defendant,

SPECIALTYCARE USA, INC. f/k/a SPECIALTYCARE, INC., and alleges:

1.   This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216. This

Court has jurisdiction concurrent with the Federal Courts under 29 U.S.C. § 216(B).

2.   This case involves damages in excess of $30,000.00, exclusive of attorney's fees and costs.

3.   The Plaintiff JOSE EMILIO VITERI was a resident of Miami-Dade County, Florida at the

time the dispute arose and is *sui juris*.

4.   The Defendant SPECIALTYCARE USA, INC. f/k/a SPECIALTYCARE, INC. is a foreign

corporation that regularly transacts business in Miami-Dade County.  The Defendant

Corporation was the Plaintiff's FLSA employer during Plaintiff's relevant period of

employment ("the relevant time period").

**1** of **4**

5.      Venue is proper in this Court because Plaintiff was a resident of Miami-Dade County,

Florida, at the time the dispute arose, the Defendant do business in Miami-Dade, Florida and the

events giving rise to these claims occurred within Miami-Dade County, Florida.

6.      Plaintiff worked for Defendant as a surgical assistant at Defendant' customer location.

7.      The acts and/or omissions giving rise to this Complaint arose in Miami-Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and

jurisdictional statements in the paragraphs 1-7 as though fully set forth herein and further states:

8.      This action arises under the laws of the United States.  This case is brought as a collective

action under 29 USC 216(b). It is believed that the Defendant have employed several other

similarly situated employees like Plaintiff who have not been paid overtime and/or minimum

wages for work performed in excess of 40 hours weekly from the filing of this complaint back

three years.

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant

to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional

placement).

10.     29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer

shall employ any of his employees who in any workweek is engaged in commerce or in the

production of goods for commerce, or is employed in an enterprise engaged in commerce or in

the production of goods for commerce, for a workweek longer than forty hours unless such

employee receives compensation for his employment in excess of the hours above specified at a

rate not less than one and one-half times the regular rate at which he is employed."

11.     Plaintiff worked for Defendant as a surgical assistant at Defendant's customer location

from on or about January 15, 2017 through to on or about March 30, 2020.

12.    Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

13.    Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14.    Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the year 2017, 2018 and 2019.

15.    Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the first three months of the year 2020 and is expected to exceed $500,000 for the year 2020.

16.    Between the period of on or about January 15, 2017 through to on or about March 30, 2020, for approximately 2 weeks per month, Plaintiff was "on-call" and Plaintiff worked an average of 55 hours a week for Defendant. Plaintiff was paid an hourly rate of $24.15/hr. for approximately 40 hours a week and was paid a flat rate arbitrary amount for "on-call" hours, but

**3** of **4**

was not paid the correct time and a half overtime rate for hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the difference between the arbitrary payment made to Plaintiff and what should have been $36.23 per hour for every hour worked above 40 in a week.

17.     Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant' payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney fees from Defendant, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiff requests a trial by jury.***

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
        J.H. Zidell, Esq.
        Florida Bar Number: 0010121

**4** of **4**

Filing # 116107081 E-Filed 11/04/2020 08:42:36 AM

| ☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION**<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | **CASE NUMBER**<br>2020-021514-CA-01 |
| **PLAINTIFF(S)**<br>JOSE EMILIO VITERI and<br>all others similarly situated<br>under 29 U.S.C § 216(b) | **VS. DEFENDANT(S)**<br>SPECIALTYCARE USA, INC. f/k/a<br>SPECIALTYCARE, INC. | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): _____

SPECIALTYCARE USA, INC.
Registered Agent: CORPORATE CREATIONS NETWORK, INC.
801 US HIGHWAY 1
NORTH PALM BEACH FL 33408

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: J.H. ZIDELL, P.A.

whose address is: 300 71st Street, Suite 605
Miami Beach FL 33141

**CLOCK IN**

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | | DATE |
|---|---|---|
| | DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314  Rev. 09/19

Clerk's web address: www.miami-dadeclerk.com



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

SpecialtyCare, Inc.                                           11/05/2020
John  Arena
SpecialtyCare, Inc.
One American Center
3 Maryland Farms Ste 200
Brentwood TN 37027

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2020-264

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:**<br>**Entity Served If Different:** | SpecialtyCare, Inc.<br>SpecialtyCare USA, Inc. f/k/a SpecialtyCare, Inc. |
| 2. | **Title of Action:** | Jose Emilio Viteri and all others similarly situated under 29 U.S.C. 216(b) vs. SpecialtyCare USA, Inc. f/k/a SpecialtyCare, Inc. |
| 3. | **Document(s) Served:** | Summons 20 Day Corporate Service<br>Complaint under 29 U.S.C. 201-216 Overtime Wages Violations |
| 4. | **Court/Agency:** | Miami-Dade County Eleventh Judicial Circuit Court |
| 5. | **State Served:** | Florida |
| 6. | **Case Number:** | 2020-021514-CA-01 |
| 7. | **Case Type:** | Federal Overtime Wage Violations |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 11/05/2020 |
| 10. | **Date to Client:** | Thursday 11/05/2020 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 20<br>Wednesday 11/25/2020 — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | J.H. Zidell, P.A.<br>Miami Beach, FL<br>305-865-6766 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 101 |
| 16. | **Notes:** | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

Filing # 116107081 E-Filed 11/04/2020 08:42:36 AM

| ☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION**<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | **CASE NUMBER**<br>2020-021514-CA-01 |
| **PLAINTIFF(S)**<br>JOSE EMILIO VITERI and all others similarly situated under 29 U.S.C § 216(b) | **VS. DEFENDANT(S)**<br>SPECIALTYCARE USA, INC. f/k/a SPECIALTYCARE, INC. | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on
defendant(s): _____ SPECIALTYCARE USA, INC.
~~Registered Agent: CORPORATE CREATIONS NETWORK, INC.~~
801 US HIGHWAY 1
NORTH PALM BEACH FL 33408
_____

CLOCK IN

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: J.H. ZIDELL, P.A. _____

whose address is: _____ 300 71st Street, Suite 605
Miami Beach FL 33141

SERVED
DATE _11-5-20_ TIME _1135_

WAYNE Z. POLLICK
C.P.S. # 856 P.P.G.

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | _308760_<br>DEPUTY CLERK | **DATE**<br><br>11/4/2020 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 09/19                                                 Clerk's web address: www.miami-dadeclerk.com

Filing # 114538765 E-Filed 10/06/2020 05:02:29 PM

**IN THE CIRCUIT COURT IN AND FOR**
**MIAMI-DADE COUNTY, FLORIDA**

CIVIL DIVISION

CASE NO.:

JOSE EMILIO VITERI and all others )
similarly situated under 29 U.S.C. 216(b), )
          Plaintiff, )
  vs. )
                                           )
SPECIALTYCARE USA, INC. f/k/a )
SPECIALTYCARE, INC. , )
          Defendant. )

---

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, JOSE EMILIO VITERI, on behalf of himself and all others similarly situated under

29 U.S.C. 216(b), through undersigned counsel, and files this Complaint against Defendant,

SPECIALTYCARE USA, INC. f/k/a SPECIALTYCARE, INC., and alleges:

1.    This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216. This

Court has jurisdiction concurrent with the Federal Courts under 29 U.S.C. § 216(B).

2.    This case involves damages in excess of $30,000.00, exclusive of attorney's fees and costs.

3.    The Plaintiff JOSE EMILIO VITERI was a resident of Miami-Dade County, Florida at the

time the dispute arose and is *sui juris*.

4.    The Defendant SPECIALTYCARE USA, INC. f/k/a SPECIALTYCARE, INC. is a foreign

corporation that regularly transacts business in Miami-Dade County. The Defendant

Corporation was the Plaintiff's FLSA employer during Plaintiff's relevant period of

employment ("the relevant time period").

1 of 4

5.      Venue is proper in this Court because Plaintiff was a resident of Miami-Dade County,

Florida, at the time the dispute arose, the Defendant do business in Miami-Dade, Florida and the

events giving rise to these claims occurred within Miami-Dade County, Florida.

6.      Plaintiff worked for Defendant as a surgical assistant at Defendant' customer location.

7.      The acts and/or omissions giving rise to this Complaint arose in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and

jurisdictional statements in the paragraphs 1-7 as though fully set forth herein and further states:

8.      This action arises under the laws of the United States.  This case is brought as a collective

action under 29 USC 216(b). It is believed that the Defendant have employed several other

similarly situated employees like Plaintiff who have not been paid overtime and/or minimum

wages for work performed in excess of 40 hours weekly from the filing of this complaint back

three years.

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant

to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional

placement).

10.     29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer

shall employ any of his employees who in any workweek is engaged in commerce or in the

production of goods for commerce, or is employed in an enterprise engaged in commerce or in

the production of goods for commerce, for a workweek longer than forty hours unless such

employee receives compensation for his employment in excess of the hours above specified at a

rate not less than one and one-half times the regular rate at which he is employed."

11.     Plaintiff worked for Defendant as a surgical assistant at Defendant's customer location

**2 of 4**

from on or about January 15, 2017 through to on or about March 30, 2020.

12.     Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

13.     Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14.     Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the year 2017, 2018 and 2019.

15.     Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the first three months of the year 2020 and is expected to exceed $500,000 for the year 2020.

16.     Between the period of on or about January 15, 2017 through to on or about March 30, 2020, for approximately 2 weeks per month, Plaintiff was "on-call" and Plaintiff worked an average of 55 hours a week for Defendant. Plaintiff was paid an hourly rate of $24.15/hr. for approximately 40 hours a week and was paid a flat rate arbitrary amount for "on-call" hours, but

was not paid the correct time and a half overtime rate for hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the difference between the arbitrary payment made to Plaintiff and what should have been $36.23 per hour for every hour worked above 40 in a week.

17.    Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant' payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

**WHEREFORE,** the Plaintiff requests double damages and reasonable attorney fees from Defendant, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
          J.H. Zidell, Esq.
       Florida Bar Number: 0010121

**4 of 4**

NOV 0 5 2020

# RETURN OF SERVICE

State of Florida                County of Miami-Dade                Circuit Court

Case Number: 2020-021514 CA 01

Plaintiff:
**JOSE EMILIO VITERI AND ALL OTHERS SIMILARLY SITUATED UNDER 29
U.S.C § 216(B)**

vs.

Defendant:
**SPECIALTYCARE USA, INC F/K/A SPECIALTYCARE, INC.**

For:
J.H. ZIDELL, P.A.
300 71ST STREET
SUITE 605
MIAMI BEACH, FL 33141

Received by Lightning Legal Couriers on the 5th day of November, 2020 at 12:38 pm to be served on
**SPECIALTYCARE USA, INC REGISTERED AGENT: CORPORATE CREATIONS NETWORK, INC, 801 US
HIGHWAY 1, NORTH PALM BEACH, FL 33408.**

I, Wayne Z. Pollick, do hereby affirm that on the **5th day of November, 2020 at 1:35 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons 20 Day Corporate Service and Complaint
Under 29 U.S.C. 201-216 Overtime Wage Violations** with the date and hour of service endorsed thereon by me, to:
**KRYSTLE PARKER AS SERVICE OF PROCESS MANAGER FOR CORPORATE CREATIONS NETWORK, INC** as
**REGISTERED AGENT** for **SPECIALTYCARE USA, INC,** at the address of: **801 US HIGHWAY 1, NORTH PALM
BEACH, FL 33408,** and informed said person of the contents therein, in compliance with state statutes.

Under Penalties of Perjury, I declare I have read the foregoing document and the facts stated in it are true. I certify
that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good
standing, in the judicial circuit in which the process was served. NO NOTARY REQUIRED PURSUANT TO F.S.
92.525(2)

Wayne Z. Pollick
Palm Beach County, CPS#856

**Lightning Legal Couriers**
**9280 SW 64 Street**
**Miami, FL 33173**
**(786) 286-4167**

Our Job Serial Number: LTN-2020003902

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

Filing # 116107081 E-Filed 11/04/2020 08:42:36 AM

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2020-021514-CA-01 |
|---|---|---|

| PLAINTIFF(S)<br>JOSE EMILIO VITERI and<br>all others similarly situated<br>under 29 U.S.C § 216(b) | VS.  DEFENDANT(S)<br>SPECIALTYCARE USA, INC. f/k/a<br>SPECIALTYCARE, INC. | SERVICE<br>11.5.20 1:35p<br>W.P. # 856 |
|---|---|---|

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on
defendant(s): _____ SPECIALTYCARE USA, INC.
~~Registered Agent: CORPORATE CREATIONS NETWORK, INC.~~
801 US HIGHWAY 1
NORTH PALM BEACH FL 33408

CLOCK IN

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: J.H. ZIDELL, P.A.

whose address is: _____ 300 71st Street, Suite 605
Miami Beach FL 33141

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to, 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | 306760<br>DEPUTY CLERK | DATE<br><br>11/4/2020 |
|---|---|---|

# AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT. 314  Rev. 09/19

Clerk's web address: www.miami-dadeclerk.com